UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PATRICK A. JUNEAU, SPECIAL    *        CIVIL ACTION
MASTER

VERSUS                        *        NO: 06-11183

WALTER C. DUMAS AND BARCOSH,  *        SECTION: "D"(5)
LTD.

### ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion to Remand"** filed by Defendant, Walter C. Dumas and opposed by Defendant, Barcosh, Ltd.;

(2) **"Motion to Transfer"** filed by Defendant, Barcosh, Ltd. and opposed by Defendant, Walter C. Dumas.

The motions, set for hearing on Wednesday, February 14, 2007, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules and finds that the matter should be remanded.

In the Twenty-Second Judicial District Court for the Parish of

Washington, State of Louisiana, Patrick A, Juneau, Special Mater, filed a "Petition for Concursus," regarding a dispute over funds allocated to Walter C. Dumas under the "Vicksburg and Railroad Settlement" in an underlying class action.  (*See* Petition for Concursus, attached to Notice of Removal).  The Petition for Concursus names as Defendants, Walter C. Dumas, allegedly a resident of Louisiana, and Barcosh, Ltd, allegedly an entity domiciled in Ohio.[1]  *Id*.  Defendant Barcosh removed the matter to this court pursuant to 28 U.S.C. §§ 1332 and 1335.  The other Defendant, Walter Dumas, moves to remand for lack of subject matter jurisdiction.

The removal statute, 28 U.S.C. § 1441, provides in pertinent part:

> (a)   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
>
> (b)   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the

---

[1] A Louisiana concursus action is an action in the nature of an interpleader. *Mandaly Oil & Gas, LLC v. Energy Development Corp.*, 1998 WL 850531, n. 1 (E.D.La. 1998)(Schwartz, J.), *citing Usry v. Price*, 325 F.2d 657, 658 n. 1(5th Cir. 1963); *Hibernia Nat'l Bank v. Blossman*, 583 So.2d 5, 7 (La. App. 4th Cir. 1991).

> Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441.

Here, the first basis for removal asserted by Defendant Barcosh is 28 U.S.C. §1332, the diversity statute. While Barcosh does not dispute Defendant Dumas' assertion that Patrick A. Juneau, the stakeholder in the concursus proceeding, is a citizen and resident of Louisiana, Barcosh argues that there is diversity between the two claimants. However, there is no complete diversity between Juneau and the Defendants, because Defendant Dumas is allegedly a resident of Louisiana. Thus, the court concludes that it does not have jurisdiction under 28 U.S.C. §1332.

Next, the court addresses whether this case was removable under 28 U.S.C. §1335, the interpleader statute, which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of

> $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
>> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property ...; and if (2) the plaintiff has deposited such money or property ... into the registry of the court, there to abide the judgment of the court, or has given bond payable t the clerk of court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. §1335.

There is no question that this matter could have been originally filed in this court under 28 U.S.C. §1335, because §1335 does not require complete diversity between the parties, but only "minimal diversity," i.e., diversity of citizenship between the claimants. However, because this matter was removed to this court, strict adherence must be given to the removal statute which requires that "none of the parties in interest properly joined and

served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b). And the court finds "no support for the proposition that the restrictions in §1441(b) apply to removal under the diversity jurisdiction of §1332, but do not apply to removal under the diversity jurisdiction of §1335." *Mandaly Oil & Gas, LLC v. Energy Development Corp.*, 1998 WL 850531 *2 (E.D.La. 1998)(Schwartz, J.).

Thus, because Defendant Dumas is a resident and citizen of Louisiana, this matter was improperly removed.[2] *Id.; see also Federal Ins. Co. v. Tyco Inter'l Ltd.,* 422 F.Supp.2d 357, 395 (S.D.N.Y. 2006)("the balance of authority suggests that a party may not remove a case that could have originally been brought in federal court under §1335 where there is not complete diversity); 14 Wright, Miller & Cooper §3636 ("It also remains true that interpleader actions brought under state law and then removed to federal court must satisfy the requirements of rule interpleader,

---

[2] The first sentence of §1441(b) provides that if original federal jurisdiction is based on a federal question, the action may be removed without regard to the citizenship of the parties. The court finds that this matter does not involve a federal question. *See also Community Title Company of St. Louis, Inc. v. Lieberman Management Co.*, 719 F.Supp. 869, 871 (E.D.Mo. 1989)("federal interpleader statute is jurisdictional;" "§1335 does not provide the type of substantive rights requisite to the existence of federal question jurisdiction").

including complete diversity of citizenship.").³

Accordingly;

**IT IS ORDERED** that the **"Motion to Remand"** filed by Defendant, Walter C. Dumas, be and is hereby **GRANTED**, remanding this matter to the Twenty-Second Judicial District Court for the Parish of Washington, State of Louisiana, for lack of subject matter jurisdiction.  However, to the extent that Defendant Dumas is requesting attorney's fees, the court denies this request because the court finds that the removal was not objectively unreasonable. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); and

**IT IS FURTHER ORDERED** the **"Motion to Transfer"** filed by Defendant, Barcosh, Ltd., be and is hereby **DISMISSED AS MOOT.**

---

   ³   Rule interpleader refers to Federal Rule of Civil Procedure 22 which provides in pertinent part:

>   (1)   Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability....

Fed. Civ. Proc. Rule 22.

   "Interpleader actions under Civil Rule 22(1) ... must satisfy one of the general subject matter jurisdiction statutes applicable to civil actions in federal courts.  These provisions require the presence either of a federal question or the existence of **complete diversity of citizenship between the plaintiff-stakeholder and the defendant claimants**."  14 Wright, Miller & Cooper §3636 (emphasis added).

New Orleans, Louisiana, this **22nd** day of **February, 2007**.

                                                A.J. McNAMARA
                                     UNITED STATES DISTRICT JUDGE